John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Marshall A. Camp, State Bar No. 231389
mcamp@hueston.com
Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
Haoxiaohan Cai, State Bar No. 331131
hcai@hueston.com
Joseph Crusham, State Bar No. 324764
jcrusham@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340
Facsimile:    (888) 775-0898

*Attorneys for Defendants Kaiser Foundation
Hospitals, Kaiser Foundation Health Plan, Inc.,
The Permanente Medical Group, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED KP FREEDOM ALLIANCE, an unincorporated association; LE-LAN JORGENSEN, an individual; LAURA YVANOVICH, an individual; ROBIN DRUMMOND, an individual, TRACEY FORD, an individual; NATALIE OGLE, an individual; and NATHAN LEAVITT, an individual,<br><br>          Plaintiffs,<br><br>  vs.<br><br>KAISER PERMANENTE (Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., The Permanente Medical Group, Inc.) and DOES I-X,<br><br>          Defendants. | Case No. 3:21-cv-07894-VC<br><br>**DECLARATION OF ARLENE PEASNALL IN SUPPORT OF KAISER PERMANENTE'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

<u>DECLARATION OF ARLENE PEASNALL</u>

I, Arlene Peasnall, declare as follows:

1.      I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      I am presently employed by Kaiser Foundation Hospitals.   My current position is Senior Vice President, Human Resources Consulting & Labor Relations.

3.      I make this declaration in support of Defendants Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., and The Permanente Medical Group, Inc.'s (together, "Kaiser Permanente's") opposition to Plaintiffs' motion for preliminary injunction.

<u>Kaiser Permanente's Vaccination Requirement Policy</u>

4.      One of Kaiser Permanente's core objectives is to provide safe and clean facilities that do not contribute to the spread of infectious disease for its employees, patients, and members. Another is to make evidence-based decisions about health care. Vaccines against diseases such as COVID-19 are evidence-based, essential, measures for Kaiser Permanente to accomplish those objectives.

5.      On August 2, 2021, Kaiser Permanente announced that it would require all employees to provide proof of COVID-19 vaccination or receive a qualifying medical or religious exemption as a condition of employment.   This includes more than 216,000 employees and more than 23,000 physicians.

6.      Kaiser Permanente's mandatory vaccination policy is another step in its ongoing efforts to protect the health and safety of the Kaiser Permanente workforce, its members, patients, and the communities that Kaiser Permanente serves. It is important for health care personnel to be vaccinated to protect our most vulnerable immunocompromised patients and to reduce the spread of COVID-19 among all of our patients, employees and communities, specifically in light of the highly contagious variants, including the Delta variant.

7.      Virtually all reputable and authoritative medical and health organizations in the country, including the American Medical Association, agree with Kaiser Permanente that

mandatory vaccination is critical for health care workers.[1]  As the American Medical Association has explained, and Kaiser Permanente concurs, "[i]ncreased vaccinations among health care personnel will not only reduce the spread of COVID-19 but also reduce the harmful toll this virus is taking within the health care workforce and those we are striving to serve."[2]  Health care worker vaccinations are especially necessary to protect those who are vulnerable, including unvaccinated children and the immunocompromised in our care and the health care workers themselves.[3]   That is also why many health care and long-term care organizations have long required vaccinations for other illnesses, like influenza, hepatitis B, and pertussis.[4]

8.     Kaiser Permanente's COVID-19 vaccination requirement applies to all Kaiser Permanente employees in all work locations, including employees working remotely, and requires employees to become fully vaccinated against COVID-19 by September 30, 2021 or obtain a qualified medical or religious exemption to avoid being placed on unpaid administrative leave. Employees placed on unpaid administrative leave were advised they have until December 1, 2021 to become fully vaccinated or obtain an approved medical or religious exemption.

9.     The vaccination requirement applies to employees working remotely because those employees can infect others in the community and require medical treatment themselves.   In other words, when any employee—remote or not—contracts COVID-19, they can increase the strain on the Kaiser Permanente system by increasing the need for medical care.   Moreover, remote employees are subject to the possibility of being called into a Kaiser Permanente setting in emergency or crisis situations where they may interact with and infect colleagues and patients.

10.     Kaiser Permanente underwent an extensive deliberative process before adopting its vaccination requirement policy.   For example, Kaiser Permanente assessed the public health threats imposed by COVID-19; the rate and incidence of COVID-19 within its own hospitals,

---

[1] *See, e.g.*, *AMA In Support of COVID-19 Vaccine Mandates for Health Care Workers*, https://www.ama-assn.org/press-center/press-releases/ama-support-covid-19-vaccine-mandates-health-care-workers.
[2] *Id.*
[3] *Id*.
[4] *Id*.

clinics, and facilities; and the severe impact of COVID-19 on, and risk to, healthcare staff and patient care.

11.     Kaiser Permanente also considered available evidence regarding the safety and efficacy of the available COVID-19 vaccines (i.e., Pfizer, which was, at the time, subject to an Emergency Use Authorization (EUA) and received FDA full approval on August 23, 2021, and the Moderna and Johnson & Johnson vaccines, which remain subject to EUA).

12.     Kaiser Permanente formed a workgroup to develop its mandatory vaccination policy.  The workgroup presented the policy to Kaiser Permanente's COVID-19 Leads group, which reviews and approves all matters related to COVID-19 within Kaiser Permanente.  Both the workgroup and the COVID-19 Leads group include infectious disease and clinical care experts. The COVID-19 Leads group approved the policy.

13.     Kaiser Permanente shared its vaccination policy with employees.  One such document was the "Employee Q&A: COVID-19 Workforce Vaccination Verification and Testing" handout, which was made available to all six individual Plaintiffs, a true and correct copy of which is attached hereto as **Exhibit A**.   Another such document was the "Employee Health Consent for COVID Test Results Release of Information" handout, which explains the process for any employee seeking to upload information to Kaiser Permanente's COVID-19 test result portal, a true and correct copy of which is attached hereto as **Exhibit B**.  Kaiser Permanente has also worked with labor unions on implementation of the vaccination policy.

14.     At Kaiser Permanente, there is strong support for its COVID-19 vaccination requirement.   As of July 31, 2021—two days before Kaiser Permanente announced its vaccination policy—77.8% of Kaiser Permanente employees and 95% of Permanente Medical Group physicians were already vaccinated. Since then, many others have gotten vaccinated.   As of November 7, 2021, 92% of all employees and 97% of Kaiser Permanente physicians are vaccinated, leaving only a small minority of individuals who are not.

15.     Beginning August 24, 2021, any employee who had not submitted proof of full vaccination was required to follow workplace safety rules applicable to unvaccinated individuals.

(Ex. A at 1).   For example, unvaccinated California-based employees may be required to test either twice a week or once a week, depending on where they work.   Unvaccinated, fully remote employees are not required to test at all, unless they go into work at a healthcare setting.   (Ex. A at 6).   After October 1, 2021, unvaccinated employees who had not received a qualifying exemption were placed on unpaid administrative leave up to a maximum of 60 days to either provide proof of full vaccination or obtain an approved exemption.   (Ex. A at 1).   Employees were advised that those who have not submitted proof of full vaccination or who do not have an approved exemption by December 1, 2021 will no longer be eligible to continue employment with Kaiser Permanente.   (Ex. A at 2).

16.     Kaiser Permanente's vaccination requirement allows for employees to request exemptions for medical conditions that prevent the employee from receiving the vaccine and sincerely held religious beliefs.   To qualify for a medical condition exemption, an employee must have a physician or licensed medical professional certify that he or she has a medical condition that prevents him or her from receiving any COVID-19 vaccine.   (Ex. A at 3–4).   To qualify for a religious exemption, an employee must have a sincerely held religious belief, practice or observance that prevents them from receiving the COVID-19 vaccine.   To receive either exemption, the employee must sign Kaiser Permanente's online COVID-19 vaccination exemption under the penalty of perjury.   (Ex. A at 4).

17.     If an employee receives an exemption, he or she will be considered unvaccinated and may be subject to additional safety protocols, such as masking, social distancing, educational training, and COVID-19 testing, as described above.   (Ex. A at 6).

18.     If an employee's exemption request is denied, then he or she will receive a letter. This letter informs the employee that they are not in compliance with the vaccination policy.   The employee's status will remain the same until a proof of vaccination response is submitted or, if not, the employee is terminated.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of November, 2021, at Riverside, California.

*Arlene F. Peasnall*

_____

Arlene Peasnall

Case No. 3:21-cv-07894-VC
DECL. OF ARLENE PEASNALL IN SUPPORT OF KAISER PERMANENTE'S PI OPP.