John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Marshall A. Camp, State Bar No. 231389
mcamp@hueston.com
Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
Haoxiaohan Cai, State Bar No. 331131
hcai@hueston.com
Joseph Crusham, State Bar No. 324764
jcrusham@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:   (213) 788-4340
Facsimile:   (888) 775-0898

*Attorneys for Defendants Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., The Permanente Medical Group, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED KP FREEDOM ALLIANCE, an unincorporated association; LE-LAN JORGENSEN, an individual; LAURA YVANOVICH, an individual; ROBIN DRUMMOND, an individual, TRACEY FORD, an individual; NATALIE OGLE, an individual; and NATHAN LEAVITT, an individual,<br><br>      Plaintiffs,<br>  vs.<br><br>KAISER PERMANENTE (Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., The Permanente Medical Group, Inc.) and DOES I-X,<br><br>      Defendants. | Case No. 3:21-cv-07894-VC<br><br>**KAISER PERMANENTE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' DECLARATIONS IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4<br>Hearing Date: December 9, 2021<br>Hearing Time: 10:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Defendants Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., and The Permanente Medical Group, Inc. (collectively, "Kaiser Permanente") hereby submit their evidentiary objections to Plaintiffs' declarations in support of their Motion for Preliminary Injunction ("motion").

## RELEVANCE

To begin, Kaiser Permanente objects to the fifteen declarations that Plaintiffs submitted but failed to mention or cite in their motion. Those fifteen declarations are the Declarations of Ulrike Kammerer, Scott Jensen, Christina Parks, Pierre Kory, Mary Blake, Carolina Bourque, Angelina Desselle, Melanie Hancock, Mona Hasegawa, Amanda Johnson, Avital Livny, Crin Rutherford, Shawn Skelton, and Stacee Tiemeier and the Second Declaration of Christina Parks. (*See* Dkt. 27-3; 27-4; 27-7; 27-11; 27-16; 27-17; 27-18; 27-19; 27-20; 27-21; 27-22; 27-23; 27-24; 27-25; 27-15). These declarations are irrelevant to the disposition of Plaintiffs' motion and should be excluded pursuant to Federal Rule of Evidence 401.

## UNQUALIFIED EXPERTS

At least two of Plaintiffs' purported experts are not qualified to opine on the medical subject matter at hand. Pursuant to Federal Rule of Evidence 702, Kaiser Permanente objects to the Declarations of Julie Ponesse and Mike Yeadon; neither individual has "the "'expertise and experience' that 'is relevant to the issues on which' the[y] . . . opine." *See Erhart v. Bofl Holding, Inc.*, 445 F. Supp. 3d 831, 843 (S.D. Cal. 2020) (quoting *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 814 (9th Cir. 2014)). Dr. Julie Ponesse is a Professor of Ethics, yet her declaration opines on the effectiveness and side effects of the COVID-19 vaccines, various treatments of COVID-19, and "the epidemiology threshold for morbidity and mortality." (*See* Dkt. 27-14, Ponesse Decl., ¶¶ I.5, I.6, II.1, II.2, II.3, II.8). And Dr. Mike Yeadon—the CEO of a biotechnology company—opines on the infection fatality ratio of certain populations, immunity to COVID-19, and the effectiveness of the COVID-19 vaccines. (*See* Dkt. 27-6, Yeadon Decl., ¶¶

17, 23, 25, 28). To opine on medical subject matter, it is necessary for the expert to have medical training or experience. *See United States v. Tsinnijinnie*, 601 F.2d 1035, 1040 (9th Cir. 1979) (affirming the trial judge's exclusion of an expert's testimony on an autopsy report because "he had no medical training"). Neither declarant has the expertise—or any medical training whatsoever—that is necessary to provide these opinions.

## VAERS IS UNRELIABLE

Many of Plaintiffs' experts rely on the Center for Disease Control and Prevention ("CDC") and the Food and Drug Administration's ("FDA") Vaccine Adverse Event Reporting System ("VAERS") as the basis for their opinions on COVID-19 vaccine side effects. One court in this district has already concluded that "VAERS data, alone, cannot support a determination of whether a vaccine was more likely than not to have caused an adverse event." *Redfoot v. B.F. Ascher & Co.*, 2007 WL 1593239, at *7 (N.D. Cal. June 1, 2007). Kaiser Permanente, therefore, objects to all expert opinions that rely on VAERS data as unreliable pursuant to Federal Rule of Evidence 702. (*See* Dkt. 27-8, McCullough Decl., ¶¶ 45, 47-64; Dkt. 27-12, Cole Decl., ¶¶ 9-18).

## ADDITIONAL OBJECTIONS

Kaiser Permanente has tailored the remainder of their objections to the specific declarations and statements that Plaintiffs cite in their pending motion. Kaiser Permanente reserves the right to raise further objections to Plaintiffs' declarations later in these proceedings, if necessary.

Below are Kaiser Permanente's objections to the Declarations of Julie Ponesse, Mike Yeadon, Jayanta Bhattacharya, Peter McCullough, Ryan Cole, Brian Tyson, Vladimir Zelenko, and Richard Urso.

**Evidentiary Objections to Declaration of Julie Ponesse (Dkt. 27-14)**

| Declaration ¶ | Kaiser Permanente's Objection | Sustained | Overruled |
|---|---|---|---|
| 1. ¶ II.1 – allegations concerning *Jacobson v. Massachusetts*, 197 U.S. 11 (1905) | Rules 701 and 702: Improper Legal Conclusion. "[A]n expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 | | |

| | | | |
|---|---|---|---|
| | (9th Cir. 2008). Dr. Ponesse attempts to distinguish *Jacobson* from the instant case, which is an improper legal conclusion. | | |
| 2. ¶¶ II.3-II.4 – allegations concerning "regulatory capture" | Rules 701 and 702: Improper Legal Conclusion. Dr. Ponesse opines on Kaiser Permanente's alleged involvement with the FDA and CDC, concluding that it created the regulatory guidelines on vaccination. This is an improper legal conclusion. | | |
| 3. ¶ II.2 – "Since these unknowns [of the COVID-19 vaccines] enhance risk, the participant can't give true *informed* consent in the way s/he could for a non-investigational pharmaceutical product." | Rule 702: Unreliable. "Under the reliability requirement, the expert testimony must 'ha[ve] a reliable basis in the knowledge and experience of the relevant discipline.'" *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 667 (N.D. Cal. 2021) (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010)). Expert testimony must "not include unsubstantiated speculation and subjective beliefs." *Primus Grp., Inc. v. Inst. For Envtl. Health, Inc.*, 395 F. Supp. 3d 1243, 1254 (N.D. Cal. 2019). Dr. Ponesse's conclusory opinions concerning the risks of the COVID-19 vaccines constitute unsubstantiated speculation and lack a reliable basis. | | |
| 4. ¶ II.4 – "The FDA and CDC [ ] are heavily influenced by entities with a financial interest that potentially conflicts with the public good." | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation. Dr. Ponesse's conclusion is her own subjective belief, and she fails to provide any reliable basis for her purported knowledge. | | |
| 5. ¶ II.8 – "[I]t may be some time before we see the true extent of the harm of which Kaiser is already aware." | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation. Dr. Ponesse is speculating on both the unsubstantiated harm of the vaccines and the knowledge of Kaiser Permanente. | | |

### Evidentiary Objections to Declaration of Mike Yeadon (Dkt. 27-6)

| Declaration ¶ | Kaiser Permanente's Objection | Sustained | Overruled |
|---|---|---|---|
| 1. ¶ 23 – "Immunity from conquering the virus leaves the individual with *complete* immunity, that is, memorized immunity to all components of the virus. This means that, qualitatively, it cannot be improved upon by new technology genetic vaccines[.]" | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation.  Dr. Yeadon fails to provide a reliable basis upon which his conclusion is founded.  Moreover, Dr. Yeadon's opinion is inconsistent with the opinions of Plaintiffs' other expert, Dr. Bhattacharya (*See* Dkt. 27-5, Bhattacharya Decl., ¶ 47). | | |
| 2. ¶¶ 24-26 – allegations concerning side effects of COVID-19 vaccines | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation.  Dr. Yeadon's opinion that "it is impossible to know what the safety profile [of the vaccines] will be, in the short- or long term" constitutes speculation and his own subjective beliefs.  He fails to consider the FDA trials and independent research on the safety of the vaccines without providing an explanation for this failure.  This renders his opinion unreliable. *See Nelson v. Matrixx Initiatives*, 2012 WL 3627399, at *9-10 (N.D. Cal. Aug. 21, 2012). | | |

### Evidentiary Objections to Declaration of Jayanta Bhattacharya (Dkt. 27-5)

| Declaration ¶ | Kaiser Permanente's Objection | Sustained | Overruled |
|---|---|---|---|
| 1. ¶¶ 12, 17-23 – discussion of natural immunity being longer lasting and more durable than vaccine-induced-immunity | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation.  Dr. Bhattacharya's assumption that natural immunity against COVID-19 is longer lasting than vaccine-induced-immunity is unsubstantiated and lacks a reliable basis.  He fails to explain why he did not consider | | |

|  |  | Sustained | Overruled |
|---|---|---|---|
|  | generally accepted medical opinions concluding the opposite. |  |  |
| 2. ¶¶ 42-46 – allegations concerning alternatives to a vaccine mandate in the workplace | Rule 702: Not Qualified as an Expert. An employer's alternatives to a vaccine mandate are outside Dr. Bhattacharya's expertise in infectious disease epidemiology and policy. |  |  |

### Evidentiary Objections to Declaration of Peter McCullough (Dkt. 27-8)

| Declaration ¶ | Kaiser Permanente's Objection | Sustained | Overruled |
|---|---|---|---|
| 1. ¶ 15 – "None of the vaccines stop the transmission of Delta." | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation. Dr. McCullough's conclusory opinion lacks a reliable basis, and he fails to explain why the balance of the medical community has made the opposite conclusion. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 594 (1993) (holding that "an express determination of a particular degree of acceptance within th[e] [relevant scientific] community" has a bearing on reliability). |  |  |
| 2. ¶¶ 16-17 – allegations concerning vaccinated individuals spreading COVID-19 more than unvaccinated individuals | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation. Dr. McCullough's conclusory opinion lacks a reliable basis. He fails to explain why he did not consider generally accepted medical opinions concluding the opposite. |  |  |
| 3. ¶ 34 – "[U]nder no circumstance can any person receive pressure, coercion, or threat of reprisal on their free choice of [getting the COVID-19 vaccines.]" | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation. Dr. McCullough's conclusion is his own subjective belief, and he fails to provide any reliable basis for his conclusion. |  |  |

| Declaration ¶ | Kaiser Permanente's Objection | Sustained | Overruled |
|---|---|---|---|
| 4. ¶ 35 – "[T]here exists no scientific basis that the vaccine stops the spread of the virus." | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation.  Dr. McCullough's conclusory opinion lacks a reliable basis.  He fails to explain why he did not consider generally accepted medical opinions concluding the opposite. | | |
| 5. ¶ 40 – allegations concerning vaccinated individuals having a greater risk of death than unvaccinated individuals | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation.  Dr. McCullough's conclusory opinion lacks a reliable basis.  He fails to explain why he did not consider generally accepted medical opinions concluding the opposite. | | |

### Evidentiary Objections to Declaration of Ryan Cole (Dkt. 27-12)

| Declaration ¶ | Kaiser Permanente's Objection | Sustained | Overruled |
|---|---|---|---|
| 2. ¶ 21 – "[T]he pressure to mandate all persons to take these vaccines under the guise of public health is misguided because the shots do not stop the transmission of the virus." | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation.  Dr. Cole's conclusory opinion lacks a reliable basis.  He fails to explain why he did not consider generally accepted medical opinions concluding the opposite. | | |

### Evidentiary Objections to Declaration of Brian Tyson (Dkt. 27-10)

| Declaration ¶ | Kaiser Permanente's Objection | Sustained | Overruled |
|---|---|---|---|
| 1. ¶¶ 9-13 – allegations concerning treatments of COVID-19 | Rule 401: Irrelevant.  Dr. Tyson's opinions on alternative treatments to COVID-19 are irrelevant because treatment is not a fact "of consequence in determining th[is] action." Fed. R. Evid. 401.  Treatment does not bear on Plaintiffs' substantive due process rights in relation to Kaiser Permanente's mandatory vaccination policy. | | |

| | | | |
|---|---|---|---|
| 2. ¶¶ 14-19 – allegations concerning how "[t]he vaccines do not work" | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation. Dr. Tyson's conclusory opinion lacks a reliable basis. He fails to explain why he did not consider generally accepted medical opinions concluding the opposite. | | |

**Evidentiary Objections to Declaration of Vladimir Zelenko (Dkt. 27-9)**

| Declaration ¶ | Kaiser Permanente's Objection | Sustained | Overruled |
|---|---|---|---|
| 1. ¶ 12 – "The push to vaccinate young, healthy people is unprecedented and unethical." | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation. Dr. Zelenko's conclusion is his own subjective belief, and he fails to provide any reliable basis for his conclusion. | | |
| 2. ¶ 13 – allegations concerning COVID-19 vaccine side effects, including "long-term morbidity and mortality" and "issues with fertility" | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation. Dr. Zelenko's conclusory opinion lacks a reliable basis. He fails to explain why he did not consider generally accepted medical opinions concluding the opposite. | | |

**Evidentiary Objections to Declaration of Richard Urso (Dkt. 27-13)**

| Declaration ¶ | Kaiser Permanente's Objection | Sustained | Overruled |
|---|---|---|---|
| 1. ¶¶ 7-8 – allegations concerning COVID-19 treatments | Rule 401: Irrelevant. Dr. Urso's opinions on alternative treatments to COVID-19 are irrelevant because treatment is not a fact "of consequence in determining th[is] action." Fed. R. Evid. 401. Availability of alternative treatments such as hydroxychloroquine do not bear on Plaintiffs' substantive due process rights in relation to Kaiser Permanente's mandatory vaccination policy because where, as here, Plaintiffs fail to identify a fundamental right, rational basis review applies and does not require discussion as to alternatives to the | | |

| | | | |
|---|---|---|---|
| | challenged policy. *See, e.g.*, *Brach v. Newsom*, 2020 WL 6036764, at *7 (C.D. Cal. Aug. 21, 2020). | | |
| 2. ¶¶ 8-12 – allegations concerning superiority of natural immunity over vaccine-induced immunity | Rule 702: Unreliable; Rule 602: Lacks foundation; Rule 602: Speculation. Dr. Urso's conclusory opinion lacks a reliable basis. He fails to explain why he did not consider generally accepted medical opinions concluding the opposite. | | |

Dated: November 12, 2021

Respectfully submitted,

HUESTON HENNIGAN LLP

By: _____
John C. Hueston
Marshall A. Camp
Joseph A. Reiter
Haoxiaohan Cai
Joseph Crusham

*Attorneys for Defendants Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., and The Permanente Medical Group, Inc.*