UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED KP FREEDOM ALLIANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KAISER PERMANENTE, <br><br> Defendant. | Case No. 21-cv-07894-VC <br><br> **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. Nos. 27, 35 |

The plaintiffs challenge the mandatory COVID-19 vaccination policy of their employer, Kaiser Permanente. Because the plaintiffs have not met any of the requirements for a preliminary injunction or temporary restraining order, their requests for emergency relief are denied.[1] *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

1. The plaintiffs have not shown a likelihood (or even a possibility) of success on their arguments under the United States Constitution because Kaiser is not a state actor. The source of the harm that the plaintiffs complain of is a decision by a private employer to impose conditions on employment. The policy was voluntarily adopted by a private party and is not enforced by any form of coercive state action. There is therefore no reasonable argument that Kaiser's actions can be "fairly attributable" to the state. *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020) (quoting *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 993 (9th Cir. 2013)).

---

[1] On October 29, 2021, the plaintiffs filed a motion for a preliminary injunction to be heard on December 9. On November 16, the plaintiffs filed a motion for a temporary restraining order based on Kaiser's announcement that it would begin terminating noncompliant employees on December 1, 2021. In response, this Court expedited the briefing schedule on the plaintiffs' motion for a preliminary injunction and now considers both motions together. Because this is not a close case, the plaintiffs' request for oral argument is denied.

2. Unlike the federal constitutional rights that the plaintiffs assert, California's constitutional right to privacy applies to nongovernmental entities. *See Hill v. National Collegiate Athletic Association*, 7 Cal. 4th 1, 20 (1994). And the privacy interest encompassed by the right is broad, covering a person's "interest[] in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference"—what courts commonly refer to as "autonomy privacy." *Id.* at 35. But "[p]rivacy concerns are not absolute; they must be balanced against other important interests." *Id.* at 37. Therefore, "[i]nvasion of a privacy interest is not a violation of the state constitutional right to privacy if the invasion is justified by a competing interest." *Id.* at 38. In reviewing a private party's policy that implicates the state constitutional right of privacy, "the court does not decide whether every measure is *necessary*, merely whether the policy is *reasonable*." *Sheehan v. San Francisco 49ers, Ltd.*, 45 Cal. 4th 992, 1002 (2009).

Kaiser's mandatory vaccination policy is justified by multiple important interests. Most obviously, Kaiser has a serious (and compelling) interest in promoting the health and safety of its workforce; an employer may take steps to prevent its employees from getting sick, as employee sickness may cause staffing difficulties and increased health care costs (not to mention human suffering). Furthermore, this vaccination mandate is not solely about the health of individual employees, but the health of people with whom employees interact (which, in this case, includes medical patients, although the absence of patients would not make a material difference).

Against the backdrop of these health concerns, the plaintiffs have made a weak showing in support of their contention that Kaiser's vaccination policy unreasonably infringes their privacy rights. The plaintiffs have submitted declarations contesting the safety and efficacy of COVID-19 vaccines (as well as asserting that the vaccines are not "vaccines" at all), but it appears unlikely that much of this testimony would stand up under Rule 702 of the Federal Rules of Evidence. Indeed, Kaiser has presented strong empirical evidence about the efficacy of the vaccine, and "compulsory immunization has long been recognized as the gold standard for preventing the spread of contagious diseases." *Love v. State Department of Education*, 29 Cal.

App. 5th 980, 993 (2018). Moreover, the coercive nature of this policy is reduced because Kaiser Permanente is a private party. *See Hill*, 7 Cal. 4th at 38. Accordingly, the plaintiffs have not raised a serious question under the California Constitution.

     3. Because the plaintiffs have not raised any serious questions going to the merits of their claims, it is not necessary to examine the remaining *Winter* factors. But the plaintiffs have not met these either. First, the plaintiffs have not made a showing of irreparable harm. In general, financial harm is not considered "irreparable." There are, of course, exceptions to this general rule, like when the money would not be recoverable at the end of litigation, or when "losing wages or benefits will likely cause [someone] to be evicted, go hungry, or be denied necessary medical care." *Yick v. Bank of America, N.A.*, 2021 WL 1961740, at *1 (N.D. Cal. May 17, 2021). But the plaintiffs have not made any showing along these lines—in fact, the plaintiffs have submitted no declaration from any employee describing the harm they would face due to Kaiser's policy. Second, the balance of hardships is, at best, a wash: while the plaintiffs would be harmed by losing their jobs if they refuse to receive the vaccine and do not receive an exemption, Kaiser would be harmed by delaying the implementation of a policy it has reasonably determined is necessary to further the health and safety of its workforce and patients. Finally, given the severity of the pandemic and the medical and scientific consensus in favor of vaccination as a powerful tool to combat the crisis, the public interest rests comfortably on Kaiser's side.

     **IT IS SO ORDERED.**

Dated: November 18, 2021

_____
             VINCE CHHABRIA
             United States District Judge